## Case No. 480.

### The ANTELOPE.

#### [1 Ben. 343.][1]

District Court, S. D. New York. Aug., 1867.

SETTING ASIDE DEFAULT— WAIVER —CANCELLING STIPULATIONS—PRACTICE.

1. Where a libel was dismissed by default in 1860, and the claimant, without notice to the libellant, entered an order, in 1861, cancelling the stipulation for costs and the bond under the act given on the discharge of the vessel, but thereafter agreed to open the default, and the cause was, in 1864, noticed for hearing by both parties, but, when it was called for hearing, in March, 1864, the claimant's proctor stated that it had been dismissed, and thereupon the libellant's proctor moved to set aside the decree and the order of cancellation, which motion was adjourned by consent till the present time: *Held*, that the claimant was regular in entering the order of cancellation without notice to the libellant, the libel having been dismissed by default.

2. That the claimant had, by his acts, waived the decree dismissing the libel and the order of cancellation.

3. That the court had power to vacate that decree and order, so as to hold the stipulators still liable on their stipulations.

In admiralty. This was a motion to set aside a decree entered in October, 1860, dismissing the libel in this case, and an order entered in January, 1861, cancelling the bond given on the discharge of the vessel, and to set the cause down for trial. The libel was filed in October, 1855, to recover for spars furnished to the vessel on the order of her owner while she was being built by him, and used in building her, of the value of $415. A claim and a stipulation for costs and a bond under the act of congress,

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

in double the amount claimed, were filed, and the vessel was discharged from custody. The claimant filed an answer, and, in March, 1859, the cause being on the calendar, was called in its order, and, the libellant not appearing, a decree was made dismissing the libel, with costs. This disposition of the case was made, it was said on the motion, because of the decision made by the supreme court at the December term, 1857, in the case of People's Ferry Co. v. Beers, 20 How. [61 U. S.] 393, and of the rule adopted by the supreme court at the December term, 1858, as the result of the case of Maguire v. Card, 21 How. [62 U. S.] 251, and because it was thought that, under the principle of that rule, taking away from district courts the right of proceeding in rem against a domestic vessel for supplies or repairs in virtue of a lien given therefor by state laws, no recovery could be had in this suit. But, notwithstanding this decree, the case was noticed and put upon the calendar by the claimant for the October term, 1860, and, on the 5th of October, 1860, the libel was again dismissed with costs, the libellant not appearing, and a decree to that effect was entered. On the 26th of January, 1861, an order was entered, on motion of the claimant, reciting that the libel had been dismissed by default, and that more than ten days had elapsed since the decree, and no subsequent proceedings had been taken on the part of the libellant, and ordering that the stipulations executed on the part of the claimant be cancelled. This order was entered as an order of course and without notice to the libellant. No notice or copy of the decree dismissing the libel, and no notice or copy of the order of January 26th, 1861, was served on the libellant's proctors. The clerk's costs were taxed January 26th, 1861, and the taxed bill was filed the same day, but the taxation was without previous notice to the libellant, so far as appeared. The bill of costs was served on the libellant's proctor, and he, immediately on receiving it, requested the claimant's proctor to open the default and withdraw the bill of costs, and was told, in reply, that he might consider the bill of costs withdrawn and the default opened. In February, 1864, the libellant's proctor informed the claimant's proctor that the cause would be noticed for the March term, 1864, and each party served a notice of trial on the other party in the suit, for the March term, 1864. The originals of these notices were produced to the court, that is, the one served by the claimant's proctor on the libellant's proctor, and a copy of the one served by the libellant's proctor on the claimant's proctor, the latter having upon it an admission of service by the claimant's proctor, dated February 16th, 1864. The cause being on the calendar for the March term, 1864, was called for trial, when the claimant's proctor stated to the court that the libel had been

dismissed by default. The case then stood over, and this motion was noticed for the 29th of March, 1864, and had been postponed by consent from that time until now.

A. F. Smith, for libellant.
W. R. Beebe, for claimant.

BLATCHFORD, District Judge. It is claimed on the part of the libellant, that, under the decision of the supreme court in the case of The St. Lawrence, 1 Black, [66 U. S.] 522, this court has jurisdiction of this case, and that the libellant ought to have an opportunity to try the case on its merits.

It is urged that it was irregular to enter the order of January, 1861, as an order of course, and without notice of a motion for leave to enter it; but I am of opinion that the proceedings on the part of the claimant were regular. After he took the decree in October, 1860, dismissing the libel by default for want of the appearance of the libellant when the case was called for trial, it was regular for him to enter without notice an order of course cancelling the stipulations executed on the part of the claimant. Such an order followed of course the dismissal of a libel, and it did not require any special fiat of the court or the judge, or any signature of the judge to the order, or any notice. to authorize its entry. Under rule 145 of this court in admiralty, where proceedings on a decree are not stayed by an appeal, and the decree is not satisfied in ten days after notice to the proctor of the party against whom it is rendered, an order that the sureties of such party cause the engagement of their stipulation to be performed, or show cause why execution should not issue, is an order of course. In view of this practice and of the fact that, where a libel is dismissed, the whole foundation and support of the stipulations is gone, and they fall with the libel as a matter of course, there is no reason why an order cancelling the stipulations should not be an order of course.

But I think that the claimant, by his conduct, followed up by his noticing the cause for trial for the March term, 1864, waived the decree of October, 1860, dismissing the libel, and the order of January, 1861. The only question as to which I have had any hesitation has been, whether the claimant could thus practically assent to the reinstatement of the cause, so as to affect the sureties in the stipulations, and hold them to their liability after the dismissal of the libel. and whether the court could now vacate the decree and the order, so as to hold the sureties still liable on their stipulations. Unless that can be done, the remedy to the libellant is practically worthless. The point, however, is settled by the decision of the supreme court in the case of The Palmyra, 12 Wheat. [25 U. S.] 1. In that case, the supreme court dismissed an appeal, and afterwards ordered the case to be reinstated. It was contended that the court had no authority to reinstate the case after such a dismissal, because it might operate to the prejudice of the stipulators or sureties to whom the vessel was delivered upon stipulation in the court below. The court, Mr. Justice Story delivering its opinion, overruled the objection and said: "Whenever a stipulation is taken, in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court which it could properly exercise if the thing itself were still in its custody. This is the known course of the admiralty. It is quite a different question whether the court will, in particular cases, exercise its authority where sureties on the stipulation may be affected injuriously. That is a subject addressed to its sound discretion." "Every court must be presumed to exercise those powers belonging to it, which are necessary for the promotion of public justice, and we do not doubt this court possesses the power to reinstate any cause dismissed by mistake. The reinstatement of the cause was founded, in the opinion of this court, upon the plain principles of justice and according to the known practice of other judicial tribunals in like cases." This court has, therefore, clearly the power to reinstate this case. It was dismissed on the idea that the supreme court had decided that this court had no jurisdiction of such a case. The libellant now claims that the supreme court has decided otherwise. He is entitled to try the case and to maintain the jurisdiction of this court if he can, and he cannot try the case unless it be reinstated. The mistake made by the libellant in allowing the case to be dismissed by default, was indeed a mistake of law, and the case would have been in a different position if the claimant had not waived as he did the decree and the order, and, but for such waiver, the court might have been constrained to deny any relief to the libellant. Nor is it shown that the sureties will be affected any more injuriously than sureties in any case who may be compelled to respond for their principal. The court acts on the matter as if the vessel were still in its custody. The result is that the case is a proper one for granting to the libellant the relief asked for.

Motion granted.